IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
CHASLIE LAWRENCE LEWIS, et al.,   *
                                  *
     Plaintiffs,                  *
                                  *
          v.                      *      CV 117-115
                                  *
UNIVERSITY HOSPITAL, et al.,      *
                                  *
     Defendants.                  *
```

**O R D E R**

Plaintiffs are kin to Daphne Lawrence Ricks ("Decedent"). On September 22, 2017, Plaintiffs, proceeding *pro se*, initiated the present action against Defendants alleging that medical malpractice and/or other negligent acts or omissions of Defendants resulted in Decedent's death in late September 2015. (See Doc. 1.) On December 4, 2017, Plaintiffs filed their active amended complaint. (Doc. 8.) On December 11, 2017, Defendants moved to dismiss Plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (4), & (5). (Doc. 9.)

"Federal courts are courts of limited jurisdiction and are required to inquire into their [subject matter] jurisdiction at the earliest possible point in the proceeding." Kirkland v.

Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001) (citations omitted). Indeed,

> A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence. Thus, the party invoking the federal court's jurisdiction bears the burden of proof.
>
> If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*. Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.

Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam) (internal quotations, citations, and alterations omitted).

In their amended complaint, Plaintiffs assert that the Court has subject matter jurisdiction over this action pursuant to the federal diversity jurisdiction statute, 28 U.S.C. § 1332. (Doc. 8, ¶ 1.) "Diversity jurisdiction, as a general rule, requires complete diversity — every plaintiff must be diverse from every defendant."[1] Palmer v. Hosp. Auth. of Randolph Cty.,

---

[1] Notably, Plaintiffs have not alleged that the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), is applicable to the present action. CAFA may provide jurisdiction where "any member of the plaintiff class is diverse from any defendant" (*i.e.*, where there exists, *inter alia*, "minimal diversity"). Lowery v. Alabama Power Co., 483 F.3d 1184, 1193-94 (11th Cir. 2007) (citing 28 U.S.C. § 1332(d)(2)). Nevertheless, because there are not 100 or more plaintiffs and Plaintiffs have not alleged that their aggregated claims exceed $5,000,000, the Court concludes that CAFA is inapplicable to the instant action. See id. at 1194 ("CAFA provides federal courts with

22 F.3d 1559, 1564 (11th Cir. 1994) (citations omitted). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (citing 28 U.S.C. § 1332); see also McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. Furthermore, a change of domicile requires a concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely." (internal quotations, citations, alterations, and footnotes omitted)). "For a corporate defendant the complaint must allege either the corporation's state of incorporation or principal place of business." Taylor, 30 F.3d at 1367 (citing 28 U.S.C. § 1332). "[D]iversity jurisdiction is measured at the time the action is filed." PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299 (11th Cir. 2016) (citations omitted)).

In their amended complaint, Plaintiffs failed to plead: (i) Plaintiffs' citizenships; (ii) the natural Defendants'

---

jurisdiction over class actions provided that: the number of plaintiffs in all proposed plaintiff classes exceeds one hundred, § 1332(d)(5)(b) . . . and the aggregate of the claims of individual class members exceeds $5,000,000, exclusive of interests and costs. § 1332(d)(2), (6)." (citations omitted)).

3

citizenships; and (iii) the corporate Defendants' states of incorporation or principal places of business. (See Doc. 8.) Rather, Plaintiffs only allege in their amended complaint the residence of a handful of the Plaintiffs and the address where the Defendants allegedly "operated from." (Id. ¶ 5; but see id. ¶ 2 ("Subject matter Jurisdiction to the federal court is impacted by Plaintiffs' domiciles while Chaslie's and Petrice are primarily in Augusta Georgia and Decedent's siblings are located in other states such as; Dr. Gwendolyn Harrison currently resides in California, Gregory Lawrence in Arizona, Charlie Juniors in North Carolina creating a jurisdictional diversity at minimal standing.").) Accordingly, because Plaintiffs have the burden to "affirmatively allege facts demonstrating the existence of jurisdiction," yet failed to allege the relevant facts necessary for the Court to determine whether there exists complete diversity, the Court lacks subject matter jurisdiction on the face of the amended complaint. See Taylor, 30 F.3d at 1367 (citing FED. R. CIV. P. 8(a)).

Nevertheless, even if the Court were to look beyond the face of the amended complaint, complete diversity still would not exist because at least one of both the Plaintiffs and the Defendants are Georgia citizens. Indeed, Defendants Jim Davis, Reyne Gallup, William Farr, and Edward Burr all assert they are Georgia citizens and Defendant University Hospital asserts that

4

it is incorporated - and has its principal place of business - in Georgia. (See Doc. 9, at 3.) Further, Decedent's daughter, Plaintiff Chaslie Lawrence Ricks, does not deny that she was a Georgia citizen at the time she initiated this lawsuit.[2] (See Doc. 8, ¶¶ 2, 5.) Accordingly, because each and every plaintiff is not diverse from each and every defendant in this action, complete diversity is lacking. See Palmer, 22 F.3d at 1564.

Seeking to avoid dismissal, Plaintiffs argue that this action may proceed under the federal interpleader statute, 28 U.S.C. § 1335, because at least one of the Plaintiffs is diverse from at least one of the Defendants. (See Doc. 14, at 5 (citing State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967) (federal interpleader statute "has been uniformly construed to

---

[2] Similarly, Plaintiffs Christopher Lawrence, Cynthia Lawrence Tolbert, Reginald Lawrence, Cheryl Lawrence, Charlotte Lawrence, Janie R.W. Lawrence, and Charlie Sr. Lawrence do not deny that they were Georgia citizens at the time they initiated this action. (See Doc. 8, ¶ 5.) Notably, Defendants argue that the aforementioned Plaintiffs are not real parties in interest under Georgia's wrongful death statute because - unlike Plaintiffs Chaslie Lewis and Petrice Ricks - they are not Decedent's surviving spouse or children. See O.C.G.A. § 51-4-2(a) ("The surviving spouse or, if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the spouse or parent the full value of the life of the decedent, as shown by the evidence."); Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1311 (11th Cir. 2009) ("Under [O.C.G.A.] § 51-4-2(a), 'wrongful death claims may be brought by only two categories of Plaintiffs — the decedent's surviving spouse and, if there is no surviving spouse, the decedent's children.'" (quoting Tolbert v. Maner, 518 S.E.2d 423, 425 (Ga. 1999))); see also Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."). Because complete diversity is lacking - and therefore the Court is without subject matter jurisdiction - even if the Court were to disregard these Plaintiffs' citizenship, however, the Court does not reach the issue of whether these Plaintiffs would otherwise have standing to pursue their present claims. See Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974-75 (11th Cir. 2005) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." (citations omitted)).

require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." (footnote omitted))).) Yet Plaintiffs have failed to demonstrate the applicability of the federal interpleader statute to the instant litigation, which requires that there be "two or more *adverse* claimants." See 28 U.S.C. § 1335(a)(1) (emphasis added); Fulton v. Kaiser Steel Corp., 397 F.2d 580, 582 (5th Cir. 1968) ("There must be two or more adverse claimants for statutory interpleader purposes."). Indeed, even if the Court were to again ignore Plaintiffs' failure to plead the parties' citizenship, and thereby their failure to carry their burden to demonstrate even minimal diversity, Plaintiffs' claims against Defendants - all of which seek to recover from Defendants without prejudice to or competition with the other Plaintiffs - simply cannot be considered adverse to one another as presently pleaded. Further, this action itself - which seeks to hold Defendants directly and/or vicariously liable for their negligent actions or omissions - can hardly be considered to be in the nature of interpleader. See State of Texas v. State of Florida, 306 U.S. 398, 412 (1939) ("In the case of bills of peace, bills of interpleader and bills in the nature of interpleader, the gist of the relief sought is the avoidance of the burden of unnecessary litigation or the risk of loss by the

6

establishment of multiple liability when only a single obligation is owing."); McBride v. McMillian, 679 F. App'x 869, 871 (11th Cir. 2017) ("Interpleader allows a party who holds money claimed by multiple adverse claimants to avoid multiple liability by asking the court to determine the asset's rightful owner. The party holding the funds typically claims no interest in the asset and does not know the asset's rightful owner." (internal quotations and alterations omitted) (citing In re Mandalay Shores Co-op. Hous. Ass'n, Inc., 21 F.3d 380, 383 (11th Cir. 1994))); United States v. High Tech. Products, Inc., 497 F.3d 637, 641 (6th Cir. 2007) ("Interpleader is an equitable proceeding that affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." (internal quotations and citations omitted)). Moreover, the Court can locate no alternative jurisdictional basis upon which Plaintiffs may rely in bringing their instant lawsuit. Accordingly, the Court must dismiss this action for lack of subject matter jurisdiction.[3] See Fitzgerald, 760 F.2d at 1251.

Therefore, upon the foregoing and due consideration, **IT IS HEREBY ORDERED** that the Defendants' motion to dismiss (doc. 9) is **GRANTED** and Plaintiffs' claims are hereby **DISMISSED** for lack

---

[3] Because the Court lacks subject matter jurisdiction over Plaintiffs' claims, the Court does not reach Defendants' arguments that dismissal is also appropriate under Rule 12(b)(4) & (5). See Bochese, 405 F.3d at 974-75.

7

of subject matter jurisdiction. The Clerk is directed to **TERMINATE** all motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 4th day of June, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA